UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
**DARNELL GILES**, :

                Plaintiff, :

                      : **MEMORANDUM AND ORDER**

    – against – :

                      : 25-CV-3262 (AMD) (JMW)

**ERROL D. TOULSIN, Sheriff of Suffolk;** :
**MICHAEL FRANCHI, Warden; CAPTAIN**
**DENNIS HARL, #C-44; JOHN DOE, 7th** :
**Precinct Homicide Detective; C.O. MICHAEL**
**NEWMAN, #1115; LT. JOHN DOE, #443**, :

              Defendants. :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff, formerly detained at the Riverhead Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations related to his detention. The plaintiff's request to proceed *in forma pauperis* ("IFP") is granted, and his Fifth Amendment claims against all the defendants and his claims against Sheriff Errol D. Toulon are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## BACKGROUND

The plaintiff was detained at Riverhead Correctional Facility. On May 29, 2025, a John Doe 7th Precinct Homicide detective "physically attacked" the plaintiff at Warden Michael Franchi's direction, and "forced [him] to succumb" to an "unsanitary buccal swab extraction" while Correctional Officer Michael Newman and a John Doe lieutenant (#443) "physically forced [him] down." (*Id.* at 4, 6.) The defendants did not have a court order, did not contact the plaintiff's lawyer, and did not wear gloves, masks, or gowns. (*Id.*) Franchi "was notified[] and

---

[1] The Suffolk County Sheriff's last name is Toulon, not Toulsin. The Clerk of Court is respectfully directed to amend the caption of this case to reflect the correct spelling of his name.

did nothing." (*Id.*)  The plaintiff was then "placed in a restraining chair" for 45 minutes. (*Id.*) Franchi told Captain Denis Harl to review the plaintiff's appeal of the incident, but Harl did not review the video of the incident. (*Id.* at 6.)

The plaintiff alleges violations of his right to equal protection and due process under the Fourteenth Amendment and violations of the "privilege against self-incrimination," which the Court assumes are brought under the Fifth Amendment. (*Id.* at 4, 6.) He also alleges cruel and unusual punishment in violation of the Eight Amendment. (*Id.* at 6.) He seeks monetary and punitive damages "for upwards of 20 million dollars or as [the] [C]ourt deems proper" for physical injuries to his wrists, back, shoulder, neck, and ankles, and for continuing anxiety and depression. (*Id.* at 4–5.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up); *see also id.* (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se,* the Court evaluates his complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest

arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  However, a court must dismiss an IFP action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### I.     Sheriff Toulon

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, a plaintiff must plead that "each Government-official

3

defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

The plaintiff does not allege that Sheriff Toulon was personally involved in any of the alleged violations. Accordingly, the plaintiff's claims against Sheriff Toulon are dismissed for failure to state a claim. *See, e.g., Holloway v. Toulon*, No. 21-CV-5011, 2022 WL 836924, at *5 (E.D.N.Y. Mar. 21, 2022) (dismissing claim against Sheriff Toulon where there was no indication that the Sheriff had any personal involvement in the purported constitutional deprivation).

## II.  Fifth Amendment Claim

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *United States v. Shvartsman*, 722 F. Supp. 3d 276, 314 (S.D.N.Y. 2024) (quoting *Hiibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 189 (2004). "A communication is testimonial if it requires a suspect 'to disclose the contents of his own mind.'" *Id.* (quoting *Doe v. United States*, 487 U.S. 201, 211 (1988)). Like a verbal statement, "the act of producing documents can [also] be . . . testimonial." *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010).

The plaintiff does not allege that he made a testimonial communication. Rather, his allegations relate to physical and emotional harm he suffered when he was subjected to a buccal swab and then subsequently confined in a chair. Accordingly, the plaintiff's claims for a violation of the "privilege against self-incrimination" under the Fifth Amendment are dismissed for failure to state a claim.

**CONCLUSION**

For these reasons, the plaintiff's Fifth Amendment claim against all the defendants is dismissed, and all claims are dismissed against Sheriff Toulon. No summons will be issued as to Sheriff Toulon.

The Clerk of Court is directed to issue a summons for the defendants Michael Franchi, the Warden of Riverhead Correctional Facility; Captain Dennis Harl, Shield No. C-44, alleged to be a Captain at Riverhead Correctional Facility; and Michael Newman, Shield No. 1115, alleged to be a Correctional Officer at Riverhead Correctional Facility. The United States Marshals Service is directed to serve the summons, complaint, and a copy of this Order upon the defendants listed above without prepayment of fees.

In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the Suffolk County Attorney identify the full names and addresses of the John Doe Homicide Detective from the 7th Precinct and the Lieutenant John Doe, Shield No. 443, within 45 days of the date of this Order. Once they have been identified, the plaintiff's complaint will be deemed amended to reflect the full names of these individuals as defendants. At that time, a summons will be issued for these individuals, and the Court will direct service on these defendants.

The Clerk of Court is directed to mail a copy of this Order to the Office of the Suffolk County Attorney and to the plaintiff. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                                                      s/Ann M. Donnelly
                                                                           ANN M. DONNELLY
                                                                           United States District Judge

Dated:  Brooklyn, New York
            November 17, 2025