FILED
CLERK
8/11/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DARNELL GILES,

*Plaintiff*,

-against-

ERROL D. TOULSIN,
MICHAEL FRANCHI,
DENNIS HARL,
JOHN DOE *(7th Precinct Homicide Detective)*,
MICHAEL NEWMAN,
LT JOHN DOE *(#443)*,

*Defendants*.
------------------------------------------------------------X

***SUA SPONTE***
**REPORT AND**
**RECOMMENDATION**

2:25-cv-03262 (AMD) (JMW)

**WICKS,** Magistrate Judge:

Plaintiff Darnell Giles, proceeding *pro se*, commenced this action on June 11, 2025. The Complaint asserts claims under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments arising out of a forceful buccal swab exam by prison correction officers while Plaintiff was incarcerated. (ECF No. 1.)

Since the commencement of the action, Plaintiff has repeatedly failed to make appearances or respond to Court-ordered deadlines. Accordingly, for the reasons set forth below, the undersigned respectfully recommends the case be dismissed.

**DISCUSSION**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, all of the factors weigh in favor of dismissal.

Regarding the *first* and *second* factors, Plaintiff has repeatedly failed to comply with Court Orders, despite having been told about them and warned of the consequences of non-compliance, as follows.

The Complaint was filed on June 11, 2025, while Plaintiff was in prison. (*See* ECF No. 1.) On July 11, 2025, Plaintiff filed a letter informing the Court that he was released from prison, and providing an updated mailing address and cell phone number. (ECF No. 7.) The new contact information was recorded on the docket.

On May 20, 2026, the Court scheduled an initial conference for June 30, 2026. (ECF No. 14.) As reflected on the docket, the scheduling order was mailed to Plaintiff's address of record and not returned undeliverable.

In advance of the initial conference, counsel for Defendants filed a letter stating that he "made numerous attempts" to reach Plaintiff by the cell phone number on the docket, but was "unable to reach Mr. Giles as the number appears out of service. I made attempts using both my office line, as well as my personal cell phone without success." (ECF No. 15.) The Court, too, tried several times to contact Plaintiff, by both phone and mail, to remind him about the upcoming initial conference.

Plaintiff did not appear at the June 30, 2026 initial conference, so the Court rescheduled to August 5, 2026. (*See* Electronic Minute Order for the Initial Conference held on June 30, 2026.) In the minute entry, the Court wrote that "**Plaintiff is forewarned that failure to appear may result in the undersigned recommending that Judge Donnelly dismiss the action for failure to prosecute.**" (*Id.* (emphasis in original).) The minute entry was mailed to Plaintiff's address of record. (*See* Affidavit of Service dated June 30, 2026.)

Despite this second chance, Plaintiff again failed to appear. (*See* Electronic Minute Order for the Initial Conference held on August 5, 2026.) At the August 5, 2026 initial conference, the Court and defense counsel once again recounted on the record the various attempts they had made to contact Plaintiff.

Given Plaintiff's *pro se* status, Defendants' counsel has been diligent in providing Plaintiff with ample notice by serving a copy of each Court Order and other filings, as detailed above. Yet Plaintiff has failed to appear. Accordingly, the first two factors weigh in favor of dismissal. *See Perez v. Edwards,* No. 20-cv-1359 (LJL), 2023 WL 5935029, at *1 (S.D.N.Y.

Sept. 12, 2023) (dismissing plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because plaintiff demonstrated a lack of interest in prosecuting his case and persistently failed to comply with several court-imposed deadlines); *Singelton v. City of New York*, No. 14CV9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing after two months of non-responsiveness from the plaintiff).

*Third*, any further delay is likely to prejudice Defendants. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) ("Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'").

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena v. Zazzle*, No. 21-CV-5819 (VEC) (RWL), 2022 WL 676009, at *4 (S.D.N.Y. Feb. 25, 2022). The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make any attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction short of dismissal would be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that it is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the

Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective.").

**CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the District Judge dismiss this action for Plaintiff's failure to prosecute.

**OBJECTIONS**

Defendant's counsel is directed to serve a copy of this Report and Recommendation on Plaintiff on or before August 14, 2026, and file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
August 11, 2026

**RESPECTFULLY RECOMMENDED,**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge